KM

WO

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randale Joseph Thomas,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Pamela Gates, et al.,<br><br>　　　　　Defendants. | No.   CV-25-04546-PHX-JAT (JZB)<br><br><br>**ORDER** |

Self-represented Plaintiff Randale Joseph Thomas, who is confined in a Maricopa County Jail, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis (Doc. 2).  On March 4, 2026, Plaintiff filed a Motion for Leave to Amend (Doc. 5) and lodged a First Amended Complaint (Doc. 6).  The Court will grant Application to Proceed and the Motion for Leave to Amend, direct the Clerk of Court to file the First Amended Complaint, and dismiss this action.

**I.     Application to Proceed In Forma Pauperis and Filing Fee**

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis.  28 U.S.C. § 1915(a).  Plaintiff must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  The Court will assess an initial partial filing fee of $57.50.  The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2).  The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**II.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

If the Court determines a pleading could be cured by the allegation of other facts, a self-represented litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

## III.    First Amended Complaint

In his one-count First Amended Complaint, Plaintiff sues Maricopa County Superior Court Chief Presiding Judge Pamela Gates, Maricopa County Superior Court Judge Joseph Kiefer, Maricopa County Attorney Rachel Mitchell, and Deputy Maricopa County Attorney Daniel Fisher. Plaintiff seeks monetary damages, dismissal of his criminal charges, and release from custody.

Plaintiff alleges he has been falsely imprisoned since January 19, 2023, in violation of his Fourteenth Amendment rights. Plaintiff claims that on October 28, 2025, he filed a Petition for Dismissal in Maricopa County Superior Court seeking dismissal of his criminal case because "the State's notice of intent to vacate preliminary hearing constitutes structural error and a fatal procedural defect." Plaintiff contends "no lawful probable cause determination was made by a magistrate, and the case [was] improperly [bound] over to the Superior Court. Jurisdiction cannot attach to the Superior Court in the absence of a valid preliminary proceeding."[1] Plaintiff contends Judge Kiefer has shown bias towards him by "adopting all prosecutor representation[s] as true without evidentiary hearings" and denying Plaintiff's requests for evidentiary hearings. Plaintiff also alleged Judge Kiefer has ignored procedural safeguards, "refused to address exculpatory evidence or factual corrections," and has made rulings inconsistent with the Arizona Rules of Criminal Procedure.

---

[1] Plaintiff was indicted by a grand jury in CR2023-102583 for first-degree murder and related charges. *See* https://www.superiorcourt.maricopa.gov/docket/Criminal CourtCases/caseInfo.asp?caseNumber=CR2023-102583 [https://perma.cc/2Y4D-2W6K]. Because Plaintiff was indicted by a grand jury, he was not entitled to a preliminary hearing. *See State v. Meeker*, 693 P.2d 911, 920 (1984) ("Either indictment by a grand jury or information after a preliminary hearing is a constitutionally proper method of bringing an accused felon to trial.")

Plaintiff asserts Judge Gates "has a duty to make sure officials are abiding by the law and are not violating constitutional rights of all people" and her "failure to interfere and to properly look over [Plaintiff's] case resulted in a violation of [his] constitutional rights."

Plaintiff alleges Defendant Mitchell is responsible for supervising deputy county attorneys and their cases and failed "to interfere and properly look over [Plaintiff's] case," which "resulted in a violation of [Plaintiff's] constitutional rights."  Plaintiff contends Defendant Mitchell has allowed Defendant Fisher to continue to prosecute Plaintiff, "even after [Plaintiff] stated on the case record that this case has procedural defects and lack of jurisdiction."

Plaintiff claims Defendant Fisher has withheld discovery, misrepresented evidence, and failed to disclose "impeaching material."  Plaintiff asserts Defendant Fisher's "failure to follow procedural law resulted in a procedural defect and structural error," thereby denying Plaintiff a fair trial.  Plaintiff argues Defendant Fisher "does not have jurisdiction to continue to prosecute [him], disobeys the laws and does things how he wants to do them contrary to law and due process."

## IV.    Failure to State a Claim

### A.    Judges Gates and Kiefer

Judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).  An act is "judicial" when it is a function normally performed by a judge and the parties dealt with the judge in his or her judicial capacity.  *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990).  This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure.  *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).  Plaintiff's

claims against Judges Gates and Kiefer relate to actions taken in their judicial capacities and they are therefore immune from suit.

Moreover, there is no respondeat superior liability under § 1983, and therefore, Judge Gates's position as the supervisor of persons who allegedly violated Plaintiff's constitutional rights does not impose liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978); *Hamilton v. Endell*, 981 F.2d 1062, 1067 (9th Cir. 1992); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The Court will therefore dismiss Defendants Gates and Kiefer.

### B.    Defendants Mitchell and Fisher

Prosecutors are absolutely immune from liability for damages under § 1983 for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). Immunity even extends to prosecutors for "eliciting false or defamatory testimony from witnesses or for making false or defamatory statements during, and related to, judicial proceedings." *Buckley*, 509 U.S. at 270; *see also Broam v. Bogan*, 320 F.3d 1023, 1029-30 (9th Cir. 2003) (prosecutor absolutely immune from liability for failure to investigate the accusations against a defendant before filing charges; for knowingly using false testimony at trial; and for deciding not to preserve or turn over exculpatory material before trial, during trial, or after conviction); *Roe v. City & County of S.F.,* 109 F.3d 578, 583-84 (9th Cir. 1997) (absolute immunity for decision to prosecute or not to prosecute and for professional evaluation of a witness and evidence assembled by the police). And it extends to supervisory prosecutors, such as a district attorney, for their actions in supervising or training prosecutors with respect to judicial proceedings. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 344-48 (2009). Plaintiff's claims against Defendants Mitchell and Fisher are based on their conduct in initiating and prosecuting Plaintiff's criminal case. They are therefore immune from suit under § 1983 and will be dismissed.

### C.    Release from Confinement and Dismissal of Criminal Charges

To the extent Plaintiff is seeking release from confinement, he must file an action pursuant to 28 U.S.C. § 2241, which provides an avenue for habeas corpus relief for a pretrial detainee in custody in violation of the Constitution or laws and treaties of the United States, not 42 U.S.C. § 1983.  However, "[a]s an exercise of judicial restraint, . . . federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising [a] federal claim." *Carden v. Montana*, 626 F.2d 82, 83 (9th Cir. 1980).

Likewise, to the extent Plaintiff seeks to challenge his criminal proceedings, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court and applies while the case works its way through the state appellate process. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("[f]or *Younger* purposes, the State's trial-and-appeals process is treated as a unitary system"); *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975) ("Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial.").  "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox,* 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam).  Special circumstances occur "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown." *Carden*, 626 F.2d at 84 (quoting *Perez v. Ledesma*, 401 U.S. 82, 85 (1971)).

Plaintiff has failed to show special or extraordinary circumstances indicating he will suffer irreparable harm if this Court abstains from hearing his claims until after he has a chance to present them to the state courts. *See Younger*, 401 U.S. at 45-46; *Carden*, 626

F.2d at 83-84.  Thus, the Court will abstain from interfering in Plaintiff's ongoing state-court criminal proceedings and will deny his request for dismissal of his criminal charges. Issues relating to the preliminary hearing, discovery, and alleged prosecutorial misconduct should be raised in his criminal case, not here.  *See, e.g., Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) (per curiam) (abstention appropriate in § 1983 action for denial of Sixth Amendment right to counsel; plaintiff can adequately litigate his claim in ongoing state criminal proceedings and the potential for federal-state friction is obvious).

Accordingly, the Court will dismiss the Complaint and this action.

**IT IS ORDERED:**

(1)     Plaintiff's Motion for Leave to Amend (Doc. 5) is **granted**.  The Clerk of Court **must file** Plaintiff's First Amended Complaint (lodged at Doc. 6).

(2)     Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(3)     As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $57.50.

(4)     The First Amended Complaint is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(5)     The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 31st day of March, 2026.

James A. Teilborg
Senior United States District Judge

- 7 -